IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BILLIE ELLIOTT,**

                Petitioner,

      v.                                CASE NO. 17-3164-SAC

**STATE OF KANSAS,**

                Respondent.

**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On October 24, 2017, the Court directed petitioner to submit the $5.00 filing fee and to submit the petition on court-approved forms on or before November 24, 2017. Petitioner has failed to respond.

    The Court has examined the record and finds no reason to allow this matter to proceed. First, petitioner has failed to comply with the directions of the Court by submitting the filing fee or by filing the petition on forms, as required by D.Kan.R. 9.1(a).

    Second, this appears to be a second application for habeas corpus concerning the same conviction. On April 11, 2014, the Court granted petitioner's motion to withdraw the previous petition[1], which he filed after a response by the Kansas Attorney General suggested that his challenge to his conviction in Case No. 96-CR-1474 was not timely filed. The present record does not suggest that the petitioner presents any ground for relief that is either timely or supported by a claim of equitable tolling.

---

[1] Case No. 13-3206-SAC, *Elliott v. Roberts*.

Petitioner appears to allege that his convictions in three Kansas criminal cases should be declared invalid as unlawful contracts. These claims, even when liberally construed, do not suggest that he presents a timely claim for relief. *See* 28 U.S.C. § 2244(d)(1).

Likewise, while a petitioner who establishes a viable claim of actual innocence may be allowed to proceed despite the expiration of the limitation period, *see McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928 (2013), such a claim requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner's claim that he is entitled to relief from his convictions under a theory of contract does not satisfy this standard.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

**IT IS SO ORDERED.**

DATED: This 5th day of December, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge